IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOBIE REED, Admin.of Estate of | ) | CASE NO.  1:04CV1696 |
| Don Reed, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John M. Manos |
| | ) | |
| CUYAHOGA COUNTY BOARD OF | ) | |
| COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OF OPINION</u> |

On August 23, 2004, Nobie Reed, Administratrix of the Estate of decedent Don Reed, plaintiff,

filed the above-captioned action against the Cuyahoga County Board of County Commissioners, Tim

McCormack, Jimmy Dimora, Peter Lawton Jones, Jim McCafferty and William M. Denihan,

defendants, alleging violations of 42 U.S.C. §§ 1981 and 1983 and a state law claim of discrimination.[1]

---

[1]Defendants McCormack, Dimora, and Jones are Commissioners.  McCafferty is the Director
of the Department of Children and Family Services and  Reed's supervisor.  They are sued in their
individual and official capacities.  Defendant William Denihan was formerly the Director of the
Department of Children and Family Services and Reed's supervisor at the time of the incident.
Defendants argue Denihan was not properly served and, therefore, should be dismissed.  The Court

Plaintiff seeks compensatory and punitive damages along with attorney's fees and costs.

On September 13, 2004, defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment, and on October 13, 2004, plaintiff filed her opposition.  For the following reasons, defendants' motion to dismiss is granted.

## I.  Facts

Construing the facts in favor of the Plaintiff,  Reed, an African-American, was employed by the County in the Department of Children and Family Services as a Social Service Aide 2. He was a member of Local Union 1746, A.F.S.C.M.E. and entered into a Collective Bargaining Agreement ("CBA").  The CBA governed the employment relationship and specifically provided for a five-step grievance procedure, ending in final and binding arbitration.  Defendants' Exh. D, pages 4-9.

In September 2000, the Department of Children & Family Services received a complaint of child abuse, identifying Don Reed as the alleged offender.  He was accused of sexually abusing his granddaughter, a minor.

On November 8, 2000,  Reed voluntarily took a polygraph examination at The Mokita Center, Inc. in Lakewood, Ohio.[2]

On March 13, 2001, the Cleveland Police Department interviewed Reed.  After the interview,

---

dismisses him because he was not properly served, and as discussed infra, he is dismissed.

[2]The Court will not consider the polygraph examination report as evidence because results of a polygraph examination are generally not admissible for purposes of establishing the guilt or innocence of the accused for the reason that such tests have not attained scientific or judicial acceptance as an accurate and reliable means of ascertaining truth or deception. See Frye v United States, 54 App DC 46, 293 F 1013 (1923) (excluding lie detector evidence); United States v. Thomas, 167 F.3d 299, 308 (6th Cir. 1999).

the investigator informed the Commissioners that he believed Reed was not guilty of the charges, and thus he was not charged.

On March 17, 2001, Reed's employment was terminated.[3]  The termination order stated: ". . . your alleged conduct was in direct opposition to your responsibilities as a Social Service Aide 2 for the Department of Children and  Family Services. *** [T]he County requires that its employees perform their duties in a professional manner and conduct themselves in such a way as to advance the goals of the County."  See Def. Exh. A.

On March 26, 2001, county employees conducted separate interviews of the victim and the victim's mother; both independently said that the allegations were false.  Reed was still not reinstated.

Pursuant to the CBA, Reed filed a grievance.  The steps of the grievance procedure are as follows:

> Oral Step: An employee who has a grievance shall take it up orally with his immediate supervisor . . . within five work days . . . .
> * * *
> Step 1.  If the meeting does not resolve the grievance, then the union steward solely with the aggrieved employee shall present the grievance in writing to the Human Resource Manager within 10 working days . . .
> * * *
> Step 2.  If the grievance is not satisfactorily settled at Step 1, it must be received in writing by the Director of the appropriate department from the Union President within seven working days after the receipt of the Step 1 answer.
> * * *
> Step 3.  If the grievance is not satisfactorily settled at Step 2, it must be received in writing by the Administrator of the County Division of Labor Relations of the Department of Human Resources . . . from the Union President . . . within seven working days after the receipt of the Step 2 answer.

---

[3]The termination order was signed by the Commissioners at the time, Jimmy Dimora, Jane Campbell and Tim McCormack.  Also, Bette Meyer signed as the Director of Job & Family Services.

-3-

* * *

Step 4.  Once a grievance has been appealed to arbitration, it will be referred
to mediation unless either party determines not to mediate a particular grievance.

* * *

Step 5.  If the grievance is not satisfactorily settled at Step 3, the Union may,
within thirty days after the receipt of the Step 3 answer, submit the issue to arbitration.

Defendants' Exh. D, pp. 4-7.

After the third step, Reed's grievance was denied, and it proceeded to mediation, which was

held on August 23, 2002.  (In order to go to mediation, both parties had to agree, otherwise it would

have proceeded directly to step 5, arbitration.)   Plaintiff alleges that Reed learned at the mediation for

the first time that his granddaughter had earlier recanted the accusation (and thereby the defendants

were withholding this evidence from him).  After the meeting, the mediator recommended that Reed be

reinstated with full back pay.  (Defendants' Exh. B).  The case never proceeded to the final step of

arbitration.[4]  Defendants refused to reinstate him.   Shortly thereafter, Reed obtained other employment.

On January 26, 2004, he died.

On August 23, 2004, Nobie Reed, Administratrix of Don Reed's estate, filed the complaint in

this court alleging violations of 42 U.S.C. §§ 1981, 1983 equal protection and due process violations

along with a  state law violation of Ohio Rev. Code § 4112.99.

On September 13, 2004, defendants filed a motion to dismiss and/or motion for summary

judgment.  The Court will rule on the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

---

[4]The plaintiff alleges that the defendants did not agree as to who would serve as arbitrator
within the seven days allowed under the CBA.  However, Article 11, Section 7 states that the time
limits may be extended by mutual agreement of DHS and the Union.  Defendants' Exh. D, p. 9.

-4-

## II.  Motion to Dismiss – 12(b)(6)

The Defendants have moved to dismiss because the Complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, the allegations in the Complaint are taken as true and viewed in the light most favorable to the Plaintiff.  A complaint will not be dismissed "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994), cert. denied, 514 U.S. 1120 (1995), quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990). The complaint need only give fair notice as to the claim and the grounds upon which it rests.  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Conclusory allegations, however, are not sufficient to state a claim.  Rather, a complaint must set forth specific facts which, if proved, would warrant the relief sought.  Sisk v. Levings, 868 F.2d 159, 161 (5th Cir. 1989).  In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 106 S. Ct. 2932, 2944 (1986).  A court likewise need not accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

Defendants argue that the case should be dismissed because the statute of limitations has run, the plaintiff does not state a cause of action as to each claim, and the defendants are entitled to qualified immunity.

-5-

### III.  Analysis

**A. 42 U.S.C. § 1983 claims.**

    **1) Law.**

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 provides a remedy for violations of substantive rights created by the United States Constitution or federal statute.  Roe v. Franklin Cty., 109 Ohio App.3d (1996).  The statute is limited to deprivations of federal constitutional and statutory rights.  State ex rel. Carter v. Schotten, 70 Ohio St.3d 89, 92 (1994).

    **2) Statute of Limitations.**

The defendants argue that Plaintiff's §1983 claims are barred by a two year statute of limitations.  Plaintiff contends that the "discovery rule" and the "continuing violation exception" apply.

It is well-established in Ohio, that the statute of limitations on § 1983 claims is two years from the date the discrimination occurs.  Ohio Rev. Code § 2305.10; Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).  Pursuant to the "discovery rule," the statute of limitations begins to run when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms

-6-

the basis of the action.  Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1986); Trzebuckowski v. City of Cleveland, 319 F.3d 853, 856 (6th Cir. 2003) (rehearing den. 3/7/2003).  In § 1983 actions, courts have looked to what event should have alerted the typical lay person to protect his rights.  Bell v. Ohio State University, 351 F.3d 240, 247-248 (6th Cir. 2003).

There are two exceptions to the two-year statute of limitations: 1) when the plaintiff can show prior discriminatory activity that continues into the present ("continuing violation" exception), Id., see Tolbert v. State of Ohio Dept. Of Transp., 172 F.3d 934, 940 (6th Cir. 1999); and 2) when the plaintiff can show "a longstanding and demonstrable policy of discrimination."  Dixon v. Anderson, 928 F.2d 212, 217 (6th Cir. 1991).  The Sixth Circuit employs the continuing violation doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions.  Burzynski v. Cohen, 264 F.3d 611, 618 (6th Cir. 2001).

Furthermore, it is well settled in this circuit that union grievance procedures do not toll the statute of limitations.  Chance v. Mahoning County, 105 F.3d.Appx. 644, 647, 2004 WL 1491622 **3(6th Cir. Ohio 2004) citing  Kessler v. Bd. of Regents, 738 F.2d 751, 754 (6th Cir. 1984)

Here, Plaintiff argues two reasons the discovery rule and the continuing violation exception are applicable.  First, Plaintiff argues that Reed did not learn that the defendants were withholding evidence from him until August 23, 2002 (the mediation date), and, therefore, the continuing violation exception is invoked.  Second, Plaintiff argues that the statute of limitations began to run on the date the mediator advised that Reed should be reinstated.

Defendants contend that the day Reed was terminated was the date on which he was alerted to protect his rights (March 17, 2001).  The Court agrees.  Reed was aware of the reason for his

termination on March 17, 2001, and grievance procedures do not toll the statute of limitations.

Furthermore, plaintiff presented no evidence of a policy of discrimination.  Therefore, the Court holds

that the § 1983 claims are time-barred as of March 17, 2003, two years after Reeds' termination date.

The complaint was filed on August 23, 2004.  Thus, the defendants' motion to dismiss is granted as to

the § 1983 claims.

**B.  42 U.S.C. §1981 claim.**

    **1) Section 1981** provides:

> (a) All persons within the jurisdiction of the United States shall have the same
> right in every State and Territory to make and enforce contracts, to sue, be parties, give
> evidence, and to the full and equal benefit of all laws and proceedings for the security of
> persons and property as is enjoyed by white citizens, and shall be subject to like
> punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no
> other.
> (b) For purposes of this section, the term "make and enforce contracts"
> includes the making, performance, modification, and termination of contracts, and the
> enjoyment of all benefits, privileges, terms, and conditions of the contractual
> relationship.

42 U.S.C. § 1981(a),(b).

    **2) Statute of Limitations**

The defendants argue that the § 1981 claim is time-barred for the same reason as the § 1983

claims; that is the statute of limitations bars the claim.  Plaintiff contends that the "discovery rule" is

applicable and that the statute of limitations did not begin to run until  Reed learned of the exculpatory

evidence held by the County.

In Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004), the Supreme Court held that a

§1981(b) cause of action is governed by the federal "catch-all" four-year statute of limitations, 28

-8-

U.S.C. §1658(a).  Prior to this Supreme Court holding, the Sixth Circuit also held that the four-year statute of limitations set forth in 28 U.S.C. § 1658(a) applies to § 1981(b) cases. Anthony v. BTR Automotive Sealing Systems, Inc., 339 F.3d 506 (6th Cir. 2003).

As discussed above,  Reed's termination date is the date the statute of limitations period begins to run.  Thus, plaintiff has four years from March 17, 2001 to file a § 1981 claim.  Because the complaint was filed prior to this date, the § 1981 claim is not time-barred.

**3) Cuyahoga County Board of Commissioners**

Although it was not argued by the defendants, the Court notes that the Plaintiff referred to no policy or custom of the County Commissioners that is unconstitutional.

In Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701 (1989), the Supreme Court held that a municipality may not be held liable for its employees' violations of § 1981 under respondeat superior theory.  It relied on Monell v. New York City Dept. Of Social Services, 436 U.S. 658 (1978) and stated that a plaintiff must show that the violation of his "right to make contracts" protected by § 1981 was caused by a custom or policy.  It must be the execution of a government's policy or custom that inflicts the injury.  Id.

Here, plaintiff does not claim that the Board of Commissioners had an official policy, custom or practice that caused the injury.  Therefore, the Court sua sponte dismisses the § 1981 claim against the Board of Commissioners.

**4) Qualified Immunity as to Defendants in their Individual Capacities**.

The County argues that the defendants in their individual capacities are entitled to qualified immunity as to both §§ 1981 and 1983 claims.

-9-

"Qualified immunity grants government officials engaged in discretionary activities immunity from individual liability for civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Higgason v. Stephens, 228 F.3d 868, 876 (6th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

> The Court applies a three-part test when determining whether a government official is entitled to the affirmative defense of qualified immunity.  See Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999) (en banc).  The first inquiry is whether the Plaintiff has shown a violation of a constitutionally protected right; the second inquiry is whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated that right; and the third inquiry is 'whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established rights.'

Id.

If the first part of the test is not established by plaintiff, (a violation of a constitutional right), then there is no necessity for further inquiries concerning qualified immunity.  See Saucier v. Katz, 533 U.S. 194 (2001).

A § 1981 claim is also subject to the defense of qualified immunity.  See Ashiegbu v. Purviance, 76 F.Supp.2d 824, 828 (S.D. Ohio 1998), affirmed 194 F.3d 1311 (6th Cir. 1999), cert dismissed, 529 U.S. 1001 (2000).

The defendants argue that they were performing discretionary duties in their decision to terminate  Reed's employment.  His position in Children & Family Services required contact with children who were involved with the county because they suffered abuse or neglect.   The defendants have a duty to protect these children.  In defendants' notification of termination to  Reed, they stated: "your alleged conduct was in direct opposition to your responsibilities as a Social Service Aide 2 for

the Department of Children and Family Services." Furthermore, the notification states: "the County requires that its employees perform their duties in a professional manner and conduct themselves in such a way as to advance the goals of the County." The defendants argue that it is for these reasons Reed was terminated. See Defendants' Exh. A.

For the above reasons, the individual defendants are immune from Plaintiff's §§ 1981 and 1983 claims. Accordingly, they are dismissed with prejudice.

**C) State Law Claim of Discrimination.**

The defendants have also moved to dismiss the state law claim of discrimination based on state law immunity. Because the Court dismissed the federal claims, this Court may decline to exercise jurisdiction over the state law claim. See 28 U.S.C. § 1367(c)(3); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226 (6th Cir. 1997); Valot v. Southeast Local School Dist. Bd of Educ., 107 F.3d 1220 (6th Cir. 1997). Accordingly, the Court hereby dismisses Plaintiff's state law claim of discrimination without prejudice.

**IV.  Conclusion**

The Court hereby grants defendants' motion to dismiss as to all claims. The federal claims are dismissed with prejudice and the state law claim is dismissed without prejudice, each party to bear its own costs.

IT IS SO ORDERED.

                                                  /s/ John M. Manos
                                             UNITED STATES DISTRICT JUDGE

Issued:    July 26, 2005

-11-